Eastern District of Kentucky
**FILED**
SEP 3 0 2015
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| TAMMY RIDGE<br><br>    Plaintiff,<br><br>V.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | CIVIL ACTION NO. 5:14-CV-362-KKC<br><br><br>**OPINION AND ORDER** |

\* \* \* \* \* \* \*

The plaintiff Tammy Ridge brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for disability insurance benefits and supplemental security income. The Court, having reviewed the record, will affirm the Commissioner's decision.

### FACTUAL AND PROCEDURAL BACKGROUND

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Ridge's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Ridge has not engaged in substantial gainful activity since October 1, 2008, the alleged onset date. (Administrative Record ("AR") at 670.)

At step two, the ALJ determined that Ridge suffers from the following severe impairments: (a) affective disorder, (b) anxiety, (c) insulin dependent juvenile diabetes with complications including diabetic retinopathy, bilateral diabetic neuropathy, a history of diabetic ulcers, and restless leg syndrome; (d) bilateral Dupuytren's contractures, status post a release; and (e) degenerative disc disease, status post lumbar microdisectomy. (AR at 670.)

At step three, the ALJ found that Ridge did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 670.)

Before proceeding to step four, the ALJ determined that Ridge has the residual functional capacity (RFC) to perform " a limited range of light work" as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> She can lift and or carry 20 pounds occasionally and ten pounds frequently. The claimant can stand and or walk six hours out of an eight-hour workday and sit six hours out of an eight-hour workday, but requires a sit/stand option, with no prolonged standing or walking in excess of thirty minutes without interruption. She can occasionally climb ramps or stairs, but should never climb a ladder or rope. The claimant can occasionally balance, stoop, kneel, and crouch. She can frequently handle and finger bilaterally. The claimant should avoid all exposure to full body vibration and hazards such as unprotected heights and dangerous machinery. She also suffers with mental impairments, but is able to understand, remember, and carry out simple work instructions. The claimant would have difficulty with more detailed instructions. She is able to perform simple work tasks and make work decisions, but would have difficulty (a) maintaining attention and concentration for extended periods, (b) carrying out detailed instructions, and (c) accepting criticism from supervisors. The claimant is able to set goals realistically, but would have some difficulty reacting and adapting appropriately to changes in the work environment.

(AR at 673.)

At step four, the ALJ found that Ridge is unable to perform any past relevant work. (AR at 680.)

2

At step five, the ALJ determined that, considering the RFC described above and Ridge's age, education, and work experience, she can perform jobs that exist in significant numbers in the national economy and, thus, she is not disabled. (AR at 681.)

## ANALYSIS

Ridge argues that the ALJ's finding that she can perform "light" work is not supported by substantial evidence. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Light work also "requires a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

Ridge argues that the majority of the medical evidence supports a finding that she can only stand or walk for two hours or less in an eight-hour work day. She points to the opinions of her treating physician, Dr. George Noe, and of the examining physicians, Dr. W.R. Stauffer and Dr. William Waltrip.

Dr. Noe opined that Ridge can stand for about two hours and that she could sit and walk for about four hours in an eight-hour workday. (AR at 619.) Dr. Waltrip noted that Ridge could walk and stand for 20 minutes and that, when sitting, she has to change positions frequently. (AR at 1348.) Dr. Stauffer noted that Ridge stated she has difficulty standing for more than 30 minutes and he found this "probably accurate." (AR at 458.) Nevertheless, he also opined that she could stand or walk two hours in an eight-hour day. (AR at 458.)

The ALJ concluded in the RFC that Ridge "can stand and or walk six hours out of an eight-hour workday" but that she must have "a sit/stand option, with no prolonged standing or walking in excess of thirty minutes without interruption."

3

ALJs must give "controlling weight" to opinions from treating sources "[i]f [they] find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c), (c)(2). An ALJ must provide "good reasons" for not giving a treating physician's opinion controlling weight. *Id.*

The ALJ gave good reasons for rejecting Dr. Noe's determination that Ridge could not stand for more than two hours in an eight-hour day and for rejecting the similar opinions of Drs. Waltrip and Stauffer. The ALJ stated that he could find "no objective medical findings in the treatment notes provided either by Dr. Noe or any of the other claimant's treating physicians" consistent with that assessment. (AR at 680.) In her motion, Ridge does not point to any evidence that she is so limited in her ability to walk or stand. She cites Dr. Noe's notes indicating that her diabetes was generally "not controlled." (DE 13-1 at 10.) This is well documented. Nevertheless, the ALJ noted that Ridge's more recent treating physician, Dr. Naren James, had required Ridge to undergo lifestyle counseling (AR at 677, 1359) and that, by May 2013 her blood sugars were well controlled. (AR at 1480.)

Furthermore, the ALJ made some allowances in the RFC for limitations in Ridge's ability to stand, requiring that she have a "sit/stand option, with no prolonged standing or walking in excess of thirty minutes without interruption."

Finally, to the extent that Ridge argues that the ALJ did not consider the state agency physicians' opinions that Ridge could perform only sedentary work (AR at 830, 848, 884, 910), the ALJ did discuss these opinions and noted that they found she could perform the physical exertional requirements of "light" work. (AR at 679). As to any limitation on walking included

4

in these opinions, the ALJ discounted them, along with Dr. Noe's opinion on the same, because there were not consistent with objective medical findings in the record. (AR at 680.)

Ridge argues that the ALJ erred in finding that Dr. Noe's treatment notes do not support his opinion that her impairments would cause her to be absent from work six days a month. Again, however, Ridge points only to Dr. Noe's treatment records indicating that her diabetes was uncontrolled. As noted by the ALJ, more recent records indicate that she now has good control over her blood sugars.

Ridge argues that the ALJ did not give good reasons for rejecting the opinion of Dr. Greg Lynch that she had a "marked" limitation in her ability to tolerate work stress and to respond appropriately in a work setting. The ALJ did include an allowance in his RFC for such limitations, requiring that Ridge could only "understand, remember, and carry out simple work instructions" but would "have difficulty with more detailed instructions." He further limited her to "simple work tasks" and noted she "would have difficulty (a) maintaining attention and concentration for extended periods, (b) carrying out detailed instructions, and (c) accepting criticism from supervisors." He further noted, she "would have some difficulty reacting and adapting appropriately to changes in the work environment." (AR at 673.) The ALJ simply translated Dr. Lynch's general finding of "marked" impairments into a specific RFC finding.

Ridge argues that the RFC is too vague because it does not defined "extended periods" when limiting her ability to maintain attention and concentration. Nevertheless, the vocational expert did not indicate he had any trouble understanding the meaning of this limitation. (AR at 735.) The Court has not located any authority requiring a greater degree of specificity in articulating this limitation.

For all these reasons, **IT IS HEREBY ORDERED** that:

5

1. The plaintiff's motion for summary judgment (DE 13) is **DENIED**;

2. The defendant's motion for summary judgment (DE 14) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated: September 30, 2015



Signed By:
Karen K. Caldwell
United States District Judge